UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
\_\_\_\_\_

ALONTE SMITH,

        Petitioner,

        Case No. 1:22-cv-900

v.

        Hon. Hala Y. Jarbou

MIKE WALCZAK,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner Anthony Harris is incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. On July 20, 2018, following a four-day jury trial in the Saginaw County Circuit Court, Petitioner was convicted of one count of assault with the intent to commit murder (AWIM), in violation of Mich. Comp. Laws § 750.83, one count of being a felon in possession of a firearm, in violation of Mich. Comp. Laws § 750.224f, one count of tampering with an electronic monitoring device, in violation of Mich. Comp. Laws § 771.3f, and two counts of use of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b.

On September 26, 2018, the court sentenced Petitioner as a fourth habitual offender, Mich. Comp. Laws § 769.12, to concurrent sentences of 40 to 62 years for AWIM, 4 to 20 years for being a felon in possession of a weapon, and 2 to 15 years for tampering with an electronic monitoring device. Those sentences, in turn, were to be served consecutively to Petitioner's concurrent sentences of 5 years' imprisonment for each felony-firearm conviction. Furthermore, that

consecutive string of sentences was ordered to be served consecutively to sentences for which Petitioner was on parole at the time he committed the assault with intent to murder. As discussed below, Petitioner was resentenced to 40 to 50 years for the AWIM conviction on August 16, 2023.

On September 16, 2022, Petitioner filed his habeas corpus petition raising three grounds for relief, as follows:

> I. Defendant ask[s] this Honorable Court to rever[]se, vacate, or [grant] retrial due to due process violations, unfair prejudice basis. This was done to mislead the jury. Pro[se]cutor argue[d] things not in evidence. [In] open[ing] arguments [he] tells the jury you will hear statements from a Stewart Pg 120 [23–25]. Testimony from witness Mcneil saying he [saw] tinfoil. Pg 61 [2–6]. [It was] unfair for agent Lutkus to say . . . if there was a[n] empty tinfoil container [be]cause at that point he didn't know where defendant['s] room [was] Pg 72 [16–20]. It was stated by Mcneil they [went] to defendant['s] house for violations but [he] fail[ed] to s[e]cure any evidence, or take any pictures[.] Introducing statements of tinfoil [as] belong[ing] to defendant was unfair [be]cause Mr. Williams stay[ed] there and had reasons of finding and also was on parole and tether. Also it was many days later.
>
> II. Defendant claims [in]effective assistance of counselor.
>
> III. The court indicated the Facebook evidence would be limited. The jury was not instructed . . . and Agent Wysopal violat[ed] the limit[ation.]

(Pet., ECF No. 1, PageID.5–8.)

In an order to show cause (ECF No. 3) entered on October 4, 2022, the Court noted that Petitioner had exhausted grounds II and III, but had not exhausted ground I. The Court directed Petitioner to show cause why he was entitled to a stay of federal habeas proceedings if he wished to pursue his unexhausted claim in state court. (*Id.*, PageID.136.) Alternatively, the Court noted that Petitioner could file an amended petition setting forth only his exhausted claims. (*Id.*)

Petitioner filed an amended petition in response to the Court's order to show cause. (ECF No. 4.) In an order (ECF No. 6) entered on January 10, 2023, the Court noted that Petitioner had eliminated habeas ground I from his amended petition. (*Id.*, PageID.154.) The Court further noted,

however, that Petitioner's amended petition "fail[ed] to include a complete presentation of the procedural history, and the presentation of the two exhausted grounds [was] also less complete than Petitioner's initial petition." (*Id.*) The Court, therefore, indicated that the amended petition would be read "as supplementing the initial petition in the important aspect that it eliminates Petitioner's unexhausted habeas ground." (*Id.*) In light of that order, only habeas grounds II and III, as set forth *supra*, are properly before the Court.

In a separate order (ECF No. 7) entered on January 10, 2023, the Court directed Respondent to file the state court record, as well as a response to Petitioner's habeas petition. On July 5, 2023, Respondent filed a motion to dismiss (ECF No. 9) premised upon Petitioner's failure to exhaust his state court remedies. Petitioner has not filed a response to Respondent's motion. For the following reasons, the Court will grant Respondent's motion and dismiss Petitioner's federal habeas petition without prejudice.

## **Discussion**

**I.   Procedural History**

The Michigan Court of Appeals provided the following summation of the facts underlying Petitioner's convictions as follows:

> This case arises from a shooting that occurred in the early-morning hours of February 9, 2017. The victim was shot more than 10 times while seated in the front-passenger seat of a vehicle in the driveway of her home. Although no eyewitness could identify the shooter, data from [Petitioner's] GPS tether showed that he was present at the scene when the shooting occurred. The prosecutor argued that [Petitioner] was a member of a gang and that he shot the victim after mistaking her for Amaris Kinnard, a rival-gang member with whom he had been feuding on Facebook. The prosecutor introduced statements purportedly made by third parties on Facebook to prove that [Petitioner] went by the nickname "Brick Head" and introduced a video purportedly posted by Kinnard on Facebook Live to prove that she had disparaged Brick Head online, giving rise to [Petitioner's] motive to shoot her. Neither Kinnard nor any of the other third parties who made these statements was called as a witness.

*People v. Smith*, 969 N.W.2d 548, 554 (Mich. Ct. App. 2021).

Jury selection for Petitioner's trial took place on July 17, 2018. (Trial Tr. I, ECF No. 10-9.) Over the course of four days, the jury heard testimony from numerous witnesses, including law enforcement officers, the woman who had been driving the vehicle, the victim's aunt, the victim, three MDOC parole officers, and an employee of the MDOC's Electronic Monitoring Center. (Trial Tr. I, II, III, & IV, ECF Nos. 10-9, 10-10, 10-11, and 10-12.) On July 20, 2018, after about two hours of deliberation, the jury reached a guilty verdict. (Trial Tr. IV, ECF No. 10-12, PageID.655–656.) Petitioner appeared before the trial court for sentencing on September 19, 2018. (ECF No. 10-14.) On September 26, 2018, the trial court resentenced Petitioner because he was mistakenly sentenced to a minimum amount of time that was more than two-thirds of his maximum time. (ECF No. 10-15.)

Petitioner, with the assistance of counsel, directly appealed his convictions and sentences to the Michigan Court of Appeals. Petitioner raised the following issues on direct appeal: (1) the trial court erred when it resentenced him; (2) he was denied effective assistance of counsel; and (3) he was denied due process and a fair trial by the admission of Facebook and gang evidence. (ECF No. 10-16, PageID.780.) On February 21, 2021, the court of appeals affirmed Petitioner's convictions, but reversed and remanded with respect to a sentencing issue. *Smith*, 969 N.W.2d at 554. Specifically, the court of appeals "reverse[d] [Petitioner's] AWIM sentence and remand[ed] to the trial court to reimpose the original sentence of 40 to 50 years of imprisonment on that conviction." *Id.* at 570. The Michigan Supreme Court denied Petitioner's *pro per* application for leave to appeal on August 3, 2021. *See People v. Smith*, 962 N.W.2d 277 (Mich. 2021).

This § 2254 petition followed. Public records indicate that Petitioner was not resentenced by the trial court pursuant to the court of appeals' remand until August 16, 2023. *See* Register of Actions, Case No. 17-044002-FC, *People v. Smith* (Saginaw Cnty. Cir. Ct.),

4

https://www.saginawcounty.com/departments/county-clerk/circuit-court-records/ (select "Search for Cases and Docket," select "Smart Search," enter "Smith, Alonte" for Search Criteria, select "Submit," then select "17-044-002-FC" under the list of cases that the search returns) (last visited Jan. 2, 2024). Public dockets also reflect that Petitioner's appeal from that resentencing is still pending in the Michigan Court of Appeals. *See* Register of Actions, Case No. 368898, *People v. Smith* (Mich. Ct. App.), https://www.courts.michigan.gov/c/courts/coa/case/368898 (last visited Jan. 2, 2024).

**II.    Discussion**

Respondent moves for dismissal of Petitioner's federal habeas petition on two grounds: (1) Petitioner failed to exhaust his ineffective assistance of trial counsel claim; and (2) dismissal is proper to avoid piecemeal litigation. (ECF No. 9.) The Court will consider Respondent's argument regarding exhaustion first.

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134 138–39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). In his ineffective assistance claim, Petitioner contends that counsel was ineffective during his cross-examination of Sergeant Klecker. Petitioner suggests that counsel should have challenged a lack of investigation by Sergeant Klecker regarding the vehicle. (Pet., ECF No. 1, PageID.7.) He faults counsel for not questioning Sergeant Klecker regarding a demonstrative video and handwritten map. (Supp. Pet., ECF No. 4, PageID.143.) Petitioner also contends that counsel was ineffective for failing to object to "tinfoil evidence."[1] (*Id.*) Respondent contends that Petitioner has not exhausted this claim of ineffective assistance because it is not the same as the ineffective assistance claims Petitioner raised in the state courts. (ECF No. 9, PageID.307.)

During direct appeal to the Michigan Court of Appeals, Petitioner, through counsel, raised the following assertions of ineffective assistance:

1. Counsel failed to ask the victim if she knew Petitioner. Petitioner claimed that the victim did know him, and that counsel should have asked her to show that he could not have mistaken her identity.

2. Counsel failed to ask Sergeant Blocker whether the while car shown in the surveillance video had a third brake light, as opposed to the white car at Petitioner's home, which did not.

3. Counsel failed to call Amaris Kinnard as a witness.

4. Counsel failed to object to the Facebook evidence as hearsay.

---

[1] As noted by the Michigan Court of Appeals, during Petitioner's trial, "[s]everal witnesses also provided circumstantial evidence that [Petitioner] had covered his GPS-tether unit with tinfoil on the night of the shooting in a partially successful attempt to block the unit's signal from connecting with GPS satellites." *Smith*, 969 N.W.2d at 555. Petitioner was subject to a GPS tether at the time of the shooting as a condition of his parole. *Id.* at 556. Parole officers testified that when they visited Petitioner's home on February 13, 2017, after learning that Petitioner had violated the tether restrictions on the night of the shooting, they found "three or four balls of tinfoil in a trash can on the front porch." *Id.* at 556. Agent McNeil testified that it is common for individuals on tethers to cover the units with tinfoil to prevent them from transmitting information, and that the tinfoil "in the trash can measured 'just big enough to cover our GPS units,' but not large enough to have contained food, and it was free of any food residue." *Id.* at 556–57.

> 5. Counsel failed to request jury instructions, including a lesser included offense instruction for assault with intent to do great bodily harm less than murder and a mere presence instruction.
>
> 6. Counsel failed to object to the trial court's resentencing of Petitioner.

(ECF No. 10-16, PageID.805–807.) The court of appeals rejected all of Petitioner's assertions of ineffective assistance. *Smith*, 969 N.W.2d at 562–564.

Petitioner subsequently filed a *pro per* application for leave to appeal to the Michigan Supreme Court. Petitioner, however, did not present the same ineffective assistance claims that he presented to the court of appeals. Petitioner reiterated his assertion that counsel should have requested a mere presence instruction. (ECF No. 10-17, PageID.931.) Petitioner also faulted counsel for failing to "lower" the AWIM charge, presumably by requesting a lesser included offense instruction. (*Id.*) Petitioner also reiterated that counsel failed to call Amaris as a witness. (*Id.*) As noted above, the supreme court denied Petitioner's application for leave to appeal. *See Smith*, 508 N.W.2d at 895.

Respondent argues that Petitioner has not asserted the same factual basis for his ineffective assistance claim "at all levels of review in the state court" and, therefore, failed to fairly present the ineffective assistance claims he now raises on federal habeas review. (ECF No. 9, PageID.313.) "Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim." *Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009). In other words, the petitioner must have presented to the state courts "a claim substantially equivalent to the [federal] claim." *Jalowiec v. Bradshaw*, 657 F.3d 293, 304 (6th Cir. 2011) (internal citations and quotation marks omitted). The Sixth Circuit has noted, with respect to fair presentation of ineffective assistance claims, that "to the extent that an ineffective assistance of counsel claim is based upon a different allegedly ineffective action than the claim presented to the state courts, the

claim has not been fairly presented to the state courts." *Caver v. Straub*, 349 F.3d 340, 346–47 (6th Cir. 2003). Upon consideration of the foregoing, it is plainly evident that Petitioner did not fairly present the factual bases of his instant ineffective assistance claim to the state courts. At no time during state court proceedings did Petitioner assert that counsel was ineffective for failing to question Sergeant Klecker regarding the video and handwritten map and that counsel was ineffective for failing to object to the evidence regarding the tinfoil.

Based on the state court record, therefore, it is apparent that Petitioner has failed to fairly present the ineffective assistance of counsel claim he now asserts in his federal habeas petition. An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise his claims of ineffective assistance. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. To properly exhaust his ineffective assistance claims, Petitioner must file a motion for relief from judgment in the Saginaw County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court." (citation omitted)).

Because Petitioner presents one ground for relief that is exhausted and one that is not, his federal habeas petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts

are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner, however, does not face the statute of limitations consequences that the stay-and-abeyance remedy is designed to remedy. Petitioner's federal habeas petition is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment, however, has not become final in the sense that direct review has been concluded, nor has it become final by the expiration of time for seeking such review. The Michigan Court of Appeals "reverse[d] [Petitioner's] AWIM sentence and remand[ed] to the trial court to reimpose the original sentence of 40 to 50 years of imprisonment on that conviction." *Smith*, 969 N.W.2d at 570. The trial court, however, did not resentence Petitioner until August 16, 2023, and

Petitioner's appeal from that resentencing is still pending before the court of appeals. *See* Register of Actions, Case No. 368898, *People v. Smith* (Mich. Ct. App.), https://www.courts.michigan.gov/c/courts/coa/case/368898 (last visited Jan. 2, 2024). Accordingly, the statute of limitations has not yet begun to run, and it likely will not begin to run for many months. When the statute of limitations begins to run, Petitioner will have an entire year to file a federal habeas petition.

The *Palmer* court was not concerned with prisoners in Petitioner's position. Instead, the *Palmer* court was addressing the predicament of petitioners whose limitations period was already running and had almost expired. So long as the petitioner had at least 60 days left—30 days to file a motion for relief from judgment and 30 days to return to the district court after the motion had worked its way through all levels of state court appeal[2]—a stay was unnecessary. *Palmer*, 276 F.3d at 781; *see also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*). For that reason, the stay-and-abey remedy—at least as contemplated by *Palmer* and *Rhines*—is not warranted here.

Because Petitioner failed to exhaust his ineffective assistance claim, and because a stay of these proceedings is not warranted, the Court will grant Respondent's motion to dismiss (ECF No. 9) and dismiss Petitioner's federal habeas petition without prejudice for failure to exhaust available state court remedies. Should Petitioner decide not to return to the state courts to pursue his

---

[2] A properly filed motion for relief from judgment statutorily tolls the running of the limitations period, so the statute would not run while the motion and appeals of any denial of the motion were pending. *See* 28 U.S.C. § 2244(d)(2).

unexhausted ineffective assistance claims, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.[3]

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved of issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court has resolved Petitioner's § 2254 petition on the procedural ground that Petitioner failed to exhaust his state court remedies for all of his grounds for relief. "When the district court

---

[3] Because the Court is granting Respondent's motion to dismiss on the basis of exhaustion, the Court declines to consider Respondent's argument for dismissal premised upon piecemeal litigation.

11

denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Both showings must be made to warrant the grant of a certificate. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* The Court finds that reasonable jurists could not debate that Petitioner's failure to exhaust compels dismissal of the petition without prejudice; therefore, the Court denies Petitioner a certificate of appealability.

## Conclusion

For the foregoing reasons, the Court will enter an order and judgment granting Respondent's motion to dismiss (ECF No. 9), dismissing Petitioner's federal habeas petition without prejudice for failure to exhaust state court remedies, and denying a certificate of appealability.

Dated: January 23, 2024         /s/ Hala Y. Jarbou
                                HALA Y. JARBOU
                                CHIEF UNITED STATES DISTRICT JUDGE